KEVIN V. RYAN (CABN 118321)
United States Attorney

MARK L. KROTOSKI (CABN 138549)
Chief, Criminal Division

DEREK R. OWENS (CABN 230237)
Special Assistant United States Attorney

   450 Golden Gate Avenue, 11th Floor
   San Francisco, California  94102
   Telephone:  (415) 436-6488
   Fax:  (415) 436-7234
   Email: Derek.Owens@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No.: 06-00175 MAG |
| Plaintiff, | STIPULATION AND [~~PROPOSED~~] ORDER EXCLUDING TIME |
| v. | |
| MATT TEITELBAUM, | |
| Defendant. | |

On May 24, 2006, the parties in this case appeared before the Court for a status conference. At that time, the parties stipulated that time should be excluded from the Speedy Trial Act calculations from May 24, 2006, through June 28, 2006, for continuity of counsel and for effective preparation of defense counsel. The parties represented that granting the continuance was the reasonable time necessary for effective preparation of counsel for the Government, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agreed that the ends of justice served by granting such a continuance outweighed the best interests of the public and the defendant

in a speedy trial.  See 18 U.S.C. § 3161(h)(8)(A).

SO STIPULATED:

                            KEVIN V. RYAN
                            United States Attorney

DATED: 6/11/06                /s/
                            DEREK R. OWENS
                            Special Assistant United States Attorney

DATED: 6/12/06                /s/
                            RONALD C. TYLER
                            Attorney for Mr. Teitelbaum

    As the Court found on May 24, 2006, and for the reasons stated above, the Court finds that an exclusion of time between May 24, 2006, through June 28, 2006, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial.  See 18 U.S.C. §3161 (h)(8)(A).  The failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice.  See 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.

DATED:  June 14, 2006

                            ELIZABETH D. LAPORTE
                            United States Magistrate Judge